**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING LI,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 10-72899<br><br>Agency No. A088-587-915<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Petitioner seeks review of the order of the Board of Immigration Appeals

("BIA") summarily affirming the denial of his application for asylum. We grant

the petition in part and remand to the BIA for reconsideration in light of our

decision in *Nai Yuan Jiang v. Holder*, 611 F.3d 1086 (9th Cir. 2010), which we

decided after the immigration judge ("IJ") issued her decision and which the BIA

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

did not address. We dismiss for lack of jurisdiction petitioner's claim for relief under the Convention Against Torture ("CAT").

The facts in *Jiang* were similar to those here. In *Jiang*, we held that the petitioner, whose putative spouse had been subject to a forced abortion, had established past persecution on the ground of "other resistance" to a coercive population control program under *Matter of J- S-*, 24 I. & N. Dec. 520 (Att'y Gen. 2008). Jiang had not supported or acquiesced in his wife's forced abortion, and he and his wife had engaged in other acts reflecting "defiance" of the population control policy, including cohabitation without being eligible to marry under Chinese law. *Jiang*, 611 F.3d at 1094–95. The record in this case contains facts—including the fact that petitioner had to be physically restrained while family-planning officials took his wife to the hospital for a forced abortion, and the fact that petitioner and his wife married and had a child when they were underage, in violation of family-planning regulations—that may constitute "other resistance" under *Jiang*. *Cf. He v. Holder*, No. 09-73516, slip op. at 8 (9th Cir. April 16, 2014) (holding that "grudging compliance," rather than "'overt' and persistent defiance," does not constitute "other resistance"). We therefore remand to the BIA to reconsider, in light of our decision in *Jiang*, whether petitioner engaged in

2

"other resistance" to a coercive population control program in China, and, if so, whether he suffered persecution on account of that resistance.

Petitioner also seeks reversal of the IJ's denial of withholding under the CAT. However, because petitioner did not present any argument in his brief before the BIA regarding the CAT claim, he has not exhausted that claim and we lack jurisdiction to consider it. 8 U.S.C. § 1252(d); *Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir. 2004).

**PETITION DISMISSED in part and GRANTED in part; REMANDED.**

**Costs against the government.**

*Ming Li v. Holder*, No. 10-72899 (San Francisco - April 11, 2014)

BYBEE, J., concurring:

I concur only to note that I have serious questions whether our opinion in *Nai Yuan Jiang v. Holder*, 611 F.3d 1086 (9th Cir. 2010), in which we recognized the authority of the Attorney General's opinion in *Matter of J- S-*, 24 I. & N. Dec. 520 (Att'y Gen. 2008), is in fact consistent with the Attorney General's decision. Because the BIA should have an opportunity to consider this case in light of *Nai Yuan Jiang* and *Matter of J- S-,* I concur fully in the disposition.