**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHENGLI HE, | No. 12-73033 |
| Petitioner, | Agency No. A088-290-413 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Shengli He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum.  We have jurisdiction under

8 U.S.C. § 1252.  We review de novo questions of law and for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

factual findings. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010). We grant the petition for review and remand.

He testified that his wife suffered a forced abortion in Fujian Province and that they fled to Hunan Province after she became pregnant again in 1994. He also testified that Fujian family planning officials fined them in 1993 for an early marriage and in 2000 for an unauthorized birth, they paid off only the 1993 fine, the officials sought them for sterilization, his wife has avoided the officials by remaining in Hunan, and he fled to the United States because he feared sterilization. Further, He submitted a 2007 notice from his village committee directing him and his wife to submit to sterilization and "pay off the social compensation fee."

We do not reach the issue of whether He established "other resistance" as the BIA assumed his conduct constituted resistance to a coercive population control program. We reject He's contention that he established past persecution based solely on his own resistance and his wife's forced abortion. *See He v. Holder*, No. 09-73516, 2014 WL 1491882, *3 (9th Cir. Apr. 17, 2014) (holding that a petitioner may present his spouse's forced abortion as "part" of proof of persecution but must also show "substantial evidence of further persecution in support of his claims") (citations omitted).

However, substantial evidence does not support the BIA's rejection of He's past and future persecution claims because the BIA's finding that the fines "appear to have been paid off" is contrary to the record and because the BIA does not appear to have considered the 2007 notice. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013) (indications BIA ignored evidence include misstating the record and failing to mention highly probative or potentially dispositive evidence) (internal citation and quotation omitted). Thus, we grant the petition as to He's asylum claim and remand for reconsideration of whether He established past or future persecution and/or for other proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Zhang v. Gonzales*, 408 F.3d 1239, 1248-49 (9th Cir. 2005) (remanding for reconsideration given reliance on unsupported factual assertions).

Finally, in light of this disposition, we do not reach He's other contentions regarding his future persecution claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**