**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XING HUI GAO,<br><br>　　　　　Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 10-72771<br><br>Agency No. A088-293-655<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2014**
Pasadena, California

Before:  SILVERMAN and BEA, Circuit Judges, and BELL, District Judge.***

Xing Hui Gao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' decision affirming the immigration judge's denial

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

　　　***　　The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we **DENY** the petition.

In his petition, Gao challenges the BIA's determination that he failed to establish eligibility for asylum and withholding of removal.[1] Specifically, Gao challenges the BIA's determination that he failed to demonstrate past persecution or a well-founded fear of future persecution.

Although his fiancée's forced abortion is proof of her past persecution, Gao himself cannot qualify for refugee status solely on the basis of the fiancée's forced abortion. *See Jiang v. Holder*, 611 F.3d 1086, 1095 (9th Cir. 2010) (citing *Matter of J-S-*, 24 I. & N. Dec. 520, 535 (Att'y Gen. 2008)). Rather, Gao must establish that *he* (i) resisted China's coercive population control program; and (ii) suffered or has a well-founded fear that he would suffer persecution by the Chinese government on account of such resistance. *See Jiang*, 611 F.3d at 1094; *J-S-*, 24 I. & N. Dec. at 542. Assuming for the sake of argument that Gao proved he "resisted" in the manner contemplated in 8 U.S.C. § 1101(a)(42)(B), Gao has offered little evidence of persecution. Although two family planning officials

---

[1] Gao does not challenge the BIA's determination that he is not eligible for protection under the CAT. Therefore, that argument is waived, and we do not address it. *See He v. Holder*, 749 F.3d 792, 795 n.1 (9th Cir. 2014).

pushed Gao to the ground in a shoving match, there is no evidence showing that he sustained any injuries as a result of the incident. Gao was never detained, arrested, fined, fired from his job, or threatened with such actions by the family planning officials. Therefore, substantial evidence supports the BIA's determination that Gao failed to demonstrate past persecution. *Compare He*, 749 F.3d at 796, *with Jiang*, 611 F.3d at1095-96.

Further, substantial evidence supports the BIA's determination that Gao failed to demonstrate a well-founded fear of future persecution. Gao failed to present adequate evidence showing that family planning officials are interested in him should he return to China, or that there is a pattern or practice of persecution against individuals similarly situated to him.

Because substantial evidence supports the BIA's determination that Gao failed to demonstrate past persecution or fear of future persecution, the BIA did not err in finding that Gao was ineligible for asylum. In addition, the BIA did not err in finding that Gao was ineligible for withholding of removal. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 n.4 (9th Cir. 2014) ("An applicant who fails to satisfy the standard of proof for asylum also fails to satisfy the more stringent standard for withholding of removal.").

**PETITION FOR REVIEW DENIED**.