

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARID MARZBANIAN, | No. 11-72677 |
| Petitioner, | Agency No. A099-880-379 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2015**
San Francisco California

Before: SCHROEDER and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.***

Farid Marzbanian, a native of Iran and citizen of Germany, petitions for

review of the Board of Immigration Appeals' decision affirming the immigration

---

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      \*\*\*    The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we GRANT the petition and remand to the BIA for further proceedings.

In his petition, Marzbanian challenges the BIA's determination that he failed to establish eligibility for asylum and withholding of removal.[1] Specifically, Marzbanian challenges the BIA's determination that he failed to demonstrate past persecution or a well-founded fear of future persecution. Where, as here, the BIA reviewed the IJ's factual and credibility determinations for clear error, we "'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.' In so doing, we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted).

The BIA determined that Marzbanian's "evidence of harassment, without corroboration evidence, is insufficient to establish past persecution." Specifically, the BIA faulted Marzbanian for failing to obtain a police report that was generated

---

[1] In his petition, Marzbanian does not challenge the BIA's determination that he is not eligible for protection under the CAT. Therefore, that argument is waived, and we do not address it. *See He v. Holder*, 749 F.3d 792, 795 n.1 (9th Cir. 2014).

following one of his beatings by Neo-Nazis and medical records related to a stroke caused by one of his beatings. In the present case, the IJ declined to make an adverse credibility determination against Marzbanian.

Under the REAL ID Act,[2]

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii). We have interpreted the above language and held that an "applicant's credible testimony 'may' be sufficient without corroboration, but the trier of fact may require corroboration (unless not reasonably obtainable) even for 'otherwise credible testimony.'" *Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009). However, we have also held that if the IJ finds the applicant credible, but decides that the applicant must provide corroborating evidence in order to meet his burden of proof, the "applicant must be given notice of the

---

[2] Because Marzbanian filed his application after May 11, 2005, the REAL ID Act of 2005 applies to his application. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

corroboration required, and an opportunity to either provide that corroboration or explain why he cannot do so." *Ren v. Holder*, 648 F.3d 1079, 1091-92 (9th Cir. 2011) (footnote omitted). Here, Marzbanian was not given that notice and opportunity. *See Lai v. Holder*, 773 F.3d 966, 976 & n.3 (9th Cir. 2014). Accordingly, the BIA erred by finding that Marzbanian had failed to demonstrate past persecution due to his failure to provide corroboration, without first giving Marzbanian the required notice of the need for corroboration, and an opportunity to either provide that corroboration or explain why he cannot do so.

In its decision, the BIA also stated that Marzbanian "did not establish that the treatment he received rises to the level of past persecution." It is unclear from the BIA's decision whether the BIA made this determination based in part on Marzbanian's failure to provide corroborating evidence, or the BIA made this determination assuming Marzbanian's testimony about his past treatment in Germany was credible. If the BIA made this determination based in part on Marzbanian's failure to provide corroboration, then, as explained above, the BIA must first give Marzbanian the required notice and opportunity to provide corroboration prior to reaching a determination as to whether he has established past persecution. If the BIA made this determination assuming Marzbanian's testimony about the treatment he received in Germany was credible, we note that

such a determination would conflict with our precedent. Marzbanian testified that during the ten years he was in Germany, he was physically beaten by Neo-Nazis several times, physically beaten by Hezbollah members two or three times, and received a death threat in his mailbox. In several cases, we have found that where the applicant was the target of repeated beatings, death threats, and expressions of hatred, a finding of persecution is compelled. *See, e.g.*, *Vitug v. Holder*, 723 F.3d 1056, 1065 (9th Cir. 2013); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119-20 (9th Cir. 2004); *Maini v. INS*, 212 F.3d 1167, 1174 (9th Cir. 2000); *Duarte de Guinac v. INS*, 179 F.3d 1156, 1162 (9th Cir. 1999); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("Physical violence inflicted against an individual often 'meets the requirement of severity that characterizes persecution[.]'").

In conclusion, we grant Marzbanian's petition for review and remand his application to the BIA for further proceedings consistent with this memorandum. "If additional corroborative evidence is deemed necessary for [Marzbanian] to carry his burden of proof, then the notice [and opportunity] requirements in *Ren* apply," and must be given. *Zhi v. Holder*, 751 F.3d 1088, 1095 (9th Cir. 2014).

**PETITION FOR REVIEW GRANTED; REMANDED.**