
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YONG BIN LIU, AKA Yongbin Liu, | No. 13-73004 |
| Petitioner, | Agency No. A200-755-540 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Yong Bin Liu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition for review and remand.

The BIA found that even if Liu's asylum application was timely, his testimony was credible, and that he corroborated his testimony, Liu failed to establish his experiences in China rose to the level of persecution.  In reaching this determination, the BIA did not consider all of Liu's experiences, including the fine levied against him and his wife's forced abortion.  *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (explaining that a spouse's forced abortion is part of petitioner's claim of past persecution); *see also Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("The key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment [he or] she received rises to the level of persecution.").  Thus, we remand Liu's asylum and withholding of removal claims to the BIA for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**