UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1738

PENG FEI YE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: September 18, 2013          Decided: October 16, 2013

Before GREGORY and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ARGUED:** Scott Eric Bratton, MARGARET WONG & ASSOCIATES, LPA, Cleveland, Ohio, for Petitioner. Jonathan Aaron Robbins, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Stuart F. Delery, Principal Deputy Assistant Attorney General, Shelley R. Goad, Assistant Director, Kristen Giuffreda Chapman, Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Peng Fei Ye ("Petitioner"), a native and citizen of the People's Republic of China, petitions for review of the final order of the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum, withholding of removal, and protection under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Petitioner contends the BIA erred in finding he did not demonstrate past persecution or a well-founded fear of future persecution on account of his resistance to China's coercive population control program. Because we agree with the BIA that Petitioner's claims for relief are premised almost entirely on persecution suffered by his wife, we find that its decision is legally sound and supported by substantial evidence. Consequently, we deny the petition for review.

I.

Petitioner married his wife, also a native and citizen of China, in 1997. Approximately one year later, the couple gave birth to their first child, a son. Soon after, Chinese family planning authorities forced Petitioner's wife to have an intrauterine device ("IUD") inserted pursuant to the population control policies of the Fujian Province, where the couple resided. In April 2001, Petitioner and his wife retained a

2

private physician to remove the IUD so that they could conceive another child.

Petitioner's wife became pregnant in June 2001. She left home and went into hiding with her aunt's family in a different village. Petitioner also left home in order to avoid the government officials tasked with enforcing the one-child policy. In September of that year, Chinese officials learned Petitioner's wife was pregnant. They transported her to a hospital, forcibly terminated her pregnancy, and inserted a second IUD. Petitioner, who was living and working in a different city, did not learn of his wife's abortion or second IUD until after the procedures were complete. According to Petitioner, the officials warned his wife that either she or Petitioner would be sterilized if she became pregnant again.

Several months later, with the help of a professional smuggler, Petitioner made the first of three attempts to flee China for the United States. His first two attempts were thwarted after he had left China, and he returned to China twice without incident. He left China for the last time on June 1, 2002, and entered the United States shortly thereafter. On May 20, 2003, Petitioner filed an application for asylum, withholding of removal, and CAT protection based on the foregoing events. His wife and child remain in China.

On April 18, 2006, Petitioner appeared for a merits hearing before an Immigration Judge ("IJ") in Baltimore, Maryland. At the conclusion of that hearing, the IJ denied his application for asylum on timeliness grounds but granted his application for withholding of removal based on his wife's forced abortion. In granting withholding relief, the IJ relied on then-binding BIA precedent conferring automatic refugee status to the spouse of a person forced to abort a pregnancy. See Matter of C-Y-Z-, 21 I. & N. Dec. 915, 918-19 (B.I.A. 1997) (en banc). The IJ did not address Petitioner's eligibility for CAT protection.

Both Petitioner and the government appealed the IJ's decision. On appeal, Petitioner challenged the denial of his asylum claim, and the government sought review of the grant of his withholding claim. The BIA remanded the case on February 20, 2008, directing the IJ to make a specific credibility finding and "clear findings" as to whether Petitioner was eligible for asylum or withholding based on his wife's forced abortion. J.A. 195.[1] Three months later, while the case was pending before the IJ, the Attorney General abrogated the rule set forth in Matter of C-Y-Z- and concluded that the spouse of

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

someone forced to undergo an involuntary abortion is not per se entitled to refugee status. See Matter of J-S-, 24 I. & N. Dec. 520, 537-38 (A.G. 2008). Rather, in order to qualify for relief, an applicant in Petitioner's position would have to demonstrate he suffered past persecution or has a well-founded fear of persecution on account of his own "other resistance" to China's population control program. Id. at 538.

Relying on this new authority, the IJ issued a decision on remand denying Petitioner's asylum, withholding, and CAT claims on the merits. Although the IJ determined Petitioner was credible and had, in fact, filed a timely application for asylum, she concluded he had not made the requisite showing of personal resistance or persecution under Matter of J-S-.

Petitioner once again appealed the decision to the BIA. On May 30, 2012, the BIA dismissed the appeal. In adopting and affirming the IJ's decision, the BIA agreed Petitioner had failed to establish either resistance or persecution as defined by Matter of J-S-. The BIA also found Petitioner had not shown any other grounds for eligibility. Petitioner now seeks review from this court.

II.

Where, as here, the BIA has expressly adopted the IJ's decision and included its own reasons for affirming, we are

5

obliged to review both decisions on appeal. See Barahona v. Holder, 691 F.3d 349, 353 (4th Cir. 2012). We evaluate the BIA's legal determinations de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). The BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Crespin-Valladares v. Holder, 632 F.3d 117, 124 (4th Cir. 2011). We will affirm the BIA's determination regarding eligibility for asylum or withholding of removal if it is supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

III.

The central issue before us is whether Petitioner demonstrated past persecution or a well-founded fear of future persecution on account of his political opinion, thereby entitling him to asylum, under the following provision:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of a political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to such persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

6

8 U.S.C. § 1101(a)(42)(B) (emphasis supplied). Petitioner contends he qualifies for asylum under this subsection because he has been persecuted for his "other resistance" to China's one-child policy and has a well-founded fear of future persecution based on the same. We conclude, however, that the decisions of the BIA and IJ (collectively "the agency") are supported by substantial evidence.

Consistent with Matter of J-S-, we have held, "an applicant who establishes that his spouse was subjected to a forced abortion is not 'entitled to refugee status under [§ 1101(a)(42)(B)]' based on that fact alone, but rather must establish a well-founded fear of persecution in his own right." Yi Ni v. Holder, 613 F.3d 415, 425 (4th Cir. 2010) (quoting Matter of J-S-, 24 I. & N. Dec. 520, 537-38 (A.G. 2008)). Applicants can satisfy this burden by presenting evidence showing they suffered persecution "for engaging in 'other resistance' to a coercive population control program[.]" Matter of J-S-, 24 I. & N. Dec. at 535. In other words, Petitioner must demonstrate (1) he "'resisted' China's coercive population control program"; (2) he "suffered or has a well-founded fear that he will suffer 'persecution' by the Chinese government"; and (3) such persecution was or would be "inflicted 'on account of'" his resistance. Id. at 542.

We first consider whether the record compelled the agency to conclude Petitioner suffered persecution on account of his resistance to China's family planning policy. Petitioner argues he "resisted" the policy within the meaning of § 1101(a)(42) when he assisted his wife in the removal of her IUD, deliberately conceived an unauthorized child, and hid from the authorities. The agency disagreed. We find it unnecessary to review this particular dispute because, even assuming Petitioner's conduct amounts to "other resistance," the agency properly found he did not suffer persecution on account of that resistance. See 8 U.S.C. § 1101(a)(42); Matter of J-S-, 24 I. & N. Dec. at 520.[2]

Petitioner himself was never arrested, detained, sterilized, or physically mistreated by the family planning authorities. Indeed, he presented no evidence the authorities were even aware of his alleged resistance to the family planning policy, much less that they took any action "on account of" such resistance. See Mei Fun Wong v. Holder, 633 F.3d 64, 79 (2d

---

[2] The record belies Petitioner's assertion that the agency did not reach this issue. See J.A. 113 (finding Petitioner had presented no evidence "that he was punished for 'other resistance to a coercive population control program.' What the record reflects is that his wife was forcibly subjected to an abortion and that [Petitioner] left China."). Although Petitioner may have preferred a more fulsome analysis, it is difficult to imagine how the agency could have done so where, as here, it had no other evidence of persecution to analyze.

Cir. 2011) (recognizing the requirement of a nexus between the persecution and the applicant's "other resistance"). Rather, as the IJ found, "the evidence shows that the authorities targeted only his wife[.]" J.A. 113. While the treatment of Petitioner's spouse is undoubtedly relevant to his claim, it does not, standing alone, carry his evidentiary burden. Matter of J-S-, 24 I. & N. Dec. at 534-35. Accordingly, we conclude the agency's finding that Petitioner failed to establish past persecution is supported by substantial evidence.[3]

We turn next to the question of whether the agency was compelled to conclude Petitioner demonstrated a well-founded fear of future persecution on account of his resistance to China's family planning policy. Petitioner's argument in this regard is derived almost entirely from his testimony that family

---

[3] To the extent Petitioner argues he had inadequate opportunity to litigate this claim in light of the change in the law wrought by Matter of J-S-, our review of the record leads us to conclude otherwise. The Attorney General issued Matter of J-S- while this case was pending before the IJ on remand, and Petitioner had ample opportunity to present his claim to the agency within the framework of that decision. Indeed, Petitioner never sought to reopen the evidentiary record before the IJ, and he has not, to date, provided even the vaguest hint of the kind of evidence he would present if given such an opportunity. In short, Ye has failed to identify any evidence or argument with respect to his "other resistance" claim that has not been "adequately considered or developed before the [IJ]," Matter of J-S-, 24 I. & N. Dec. at 543 n.15, and the BIA did not err in failing to remand his case, once again, to the IJ.

planning officials told his wife they would sterilize either her or Petitioner if she violated the population control policy "in the future." J.A. 384. As the agency found, however, there is no indication in the record that, if deported, Petitioner will engage in behavior that would bring him within the purview of this threat. See Yi Ni, 613 F.3d at 429. His claimed fear of sterilization, consequently, is "speculative" and "depend[ent] on many factors outside of [his] control." Id. Indeed, Petitioner suffered no threats or harm when he twice returned to China after his initial attempts to flee, and he does not claim any threat has arisen in the years since he departed. Thus, we conclude the agency's finding that Petitioner failed to demonstrate a well-founded fear of future persecution is supported by substantial evidence.

Inasmuch as Petitioner has failed to demonstrate either that he experienced past persecution or that he has a well-founded fear of future persecution on account of a statutorily protected ground, he cannot establish eligibility for asylum. Further, as the standard for statutory withholding of removal is more stringent than the standard for granting asylum, Petitioner's failure to satisfy these requirements necessarily means he cannot meet the higher standard for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We likewise conclude the agency's denial

10

of Ye's CAT claim is supported by substantial evidence.  <u>See</u> <u>Dankam v. Gonzales</u>, 495 F.3d 113, 118-19 (4th Cir. 2007).

IV.

For the foregoing reasons, we deny Petitioner's petition for review.

<u>PETITION DENIED</u>

11