**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MING XIN HE,

*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney General,

*Respondent*.

No. 09-73516

Agency No.
A077-317-108

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 7, 2014—Pasadena, California

Filed April 17, 2014

Before: Stephen Reinhardt and Richard R. Clifton, Circuit
Judges, and Jennifer A. Dorsey, District Judge.[*]

Opinion by Judge Clifton;
Concurrence by Judge Reinhardt

---

[*] The Honorable Jennifer A. Dorsey, District Judge for the District of
Nevada, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' denial of asylum and withholding of removal to a citizen of China who asserted claims based on his resistance to China's family planning policies.

The panel held that a reasonable factfinder would not be compelled to conclude that petitioner resisted China's one-child family planning policy where he married when under age, had children earlier than China's policy allowed, and grudgingly complied with fines. Nor would a reasonable factfinder be compelled to conclude that petitioner suffered past persecution, taking into account his wife's forced abortion, where he did not show that he suffered substantial economic disadvantage or other sufficient harm. The panel held that petitioner failed to establish an objectively reasonable fear of future persecution.

The panel denied petitioner's request for remand for further proceedings to gather and submit evidence in support of his application under the higher standards announced in *Matter of J–S–*, 24 I. & N. Dec. 520 (A.G. 2008), a decision announced after petitioner filed his application for relief, because he had ample time to ask the Board to remand for additional factual development of his claim, but failed to do so, and the particularized facts of the case did not support the request for remand.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Judge Reinhardt concurred because when petitioner's appeal was before the Board, he did not request that it be remanded to the IJ so that he could introduce evidence that would comply with *Matter of J-S-*, and thus failed to exhaust his administrative remedies. Had petitioner sought a remand and had it been denied, Judge Reinhardt would have granted the present petition with instructions that it be remanded to the IJ.

## COUNSEL

David Z. Su, Law Offices of David Z. Su, Monterey Park, California, for Petitioner.

Aric A. Anderson (argued), Trial Attorney, Tony West, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

CLIFTON, Circuit Judge:

Ming Xin He, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals ("BIA") that he is not entitled to asylum or withholding of removal under the Immigration and Nationality Act ("INA"). He sought asylum in the United States on the ground that his wife had suffered a forcible abortion and had been sterilized.

We deny He's petition for review. He is eligible for asylum if he has been persecuted on account of resistance to China's one-child policy. Because a reasonable factfinder would not be compelled to find that He either resisted the policy or had suffered persecution, the petition must be denied.

In addition, we deny He's request that we grant his petition and remand for further proceedings so that he may try to gather and submit evidence in support of his application under the higher standards announced in *In re J–S–*, 24 I. & N. Dec. 520 (Att'y Gen. 2008). That decision was announced after He's application was originally filed, but he had ample time to ask the BIA to remand for additional factual development of his claim and failed to do so.

## I.  Background

He arrived in the United States as a stowaway on a ship in February 2004. He was detained on entry and applied for asylum and withholding of removal under the INA, and withholding of removal under the Convention Against Torture ("CAT"). *See* 8 U.S.C. §§ 1158(b)(1), 1231(b)(3); 8 C.F.R. § 208.16 (b)–(c).

At his hearing before the Immigration Judge ("IJ"), He testified that he got married in 1988 and his first child was born in January 1989. Because he was under the legal age for marriage, he only obtained a marriage certificate about March 1991. He's second child was born in December 1991, and he was fined 40,000 renminbi—just under $5,000—for violating China's one-child policy. He's wife conceived again and, in 1992, the child was aborted and his wife was sterilized by Chinese authorities. He was told about the abortion when he

was working at a building site two days' train journey from his home. He testified that he only paid 16,800 out of the 40,000 renminbi fine, and that he spent the twelve years between 1992 and 2004 in hiding because the government was looking for him to pay the balance of the fine. He borrowed $50,000 from a snakehead gang to be smuggled to the United States, and he was working to pay off his travel expenses. He testified that he was not able to leave China before 2004 because he was working.

To be eligible for asylum, He was required to show that he was a refugee, defined in 8 U.S.C. § 1101(a)(42) to be a person who has suffered persecution or has a well-founded fear of persecution on account of, among other things, political opinion. The IJ originally rejected He's claim because he found that He was not credible. On appeal, the BIA rejected the reasons given by the IJ for the adverse credibility finding and reversed and remanded the case for a new credibility determination. On remand, the IJ again found that He was not credible.

He appealed again. This time the BIA did not address the question of He's credibility. Instead, it concluded that an intervening change in the law rendered him ineligible for relief even if his testimony were accepted as true. He's claim had originally been based on *In re C–Y–Z–*, 21 I. & N. Dec. 915 (BIA 1997) (en banc), which held that the spouse of a person who had suffered a forcible abortion or sterilization was automatically considered a refugee and eligible for asylum. In May 2008, however—after He's second IJ hearing and decision but before the BIA rendered a decision on the second appeal—the Attorney General handed down *In re J–S–*, 24 I. & N. Dec. 520, which overruled *C–Y–Z–* and established that spouses of victims of forced abortions or

sterilizations are not *per se* entitled to refugee status under 8 U.S.C. § 1101(a)(42). The Attorney General specifically held that his decision applied to all cases pending before the agency or on judicial review, such as He's. *J–S–*, 24 I. & N. Dec. at 537 n.10. The BIA was bound by the Attorney General's decision even though it contradicted prior Ninth Circuit precedent. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005).

As a result, the BIA held in He's second appeal that, under *J–S–*, He could not establish that he had been persecuted based on his wife's forced abortion and sterilization. Rather, he would only be eligible for refugee status if he (i) had resisted China's coercive population control program, (ii) had suffered or had a well-founded fear that he would suffer persecution by the Chinese government, and (iii) was able to show that the persecution was on account of his resistance to the coercive population control program. *J–S–*, 24 I. & N. Dec. at 542.

The BIA concluded that He had not described any resistance to China's family planning policies in his own right that would make him eligible for asylum. Nor had he shown that he suffered persecution or had objectively reasonable grounds for fearing persecution: his fine did not constitute economic persecution, he had avoided harm for over eleven years after it was assessed, and his wife and two children had remained in China unharmed during the intervening period. He was ineligible for withholding of removal under the INA, the BIA concluded, because an applicant for withholding must sustain a higher burden than for asylum. *See* 8 U.S.C. § 1231(b)(3); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Likewise, He had not met the standard for being eligible for withholding of removal under the CAT, because

he had not shown that it was "more likely than not" that he would face torture if he were returned to China. 8 C.F.R. § 1208.16(c)(2).

He filed a timely petition for review.[1]

## II. Discussion

Our review of the BIA's determination that an applicant has not established eligibility for asylum is "highly deferential." *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). We will affirm the BIA's decision if it is supported by substantial evidence and may only grant a petition for review "if the applicant shows that the evidence *compels* the conclusion that the asylum decision was incorrect." *Id.* We are without jurisdiction to hear arguments that a petitioner has not exhausted by raising and arguing in his brief before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

### A. Substantial evidence supports the BIA's decision

A reasonable factfinder would not be compelled to find either that He offered resistance to China's one-child policy or that he suffered persecution. Therefore, He's petition fails on each independent ground.

---

[1] He has not argued for review of the BIA's decision that he is not eligible for withholding under the CAT. Therefore, that argument is waived and we do not address it. *See Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 n.2 (9th Cir. 2010), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

### 1. Resistance

He argued to the BIA that he engaged in resistance to China's coercive family planning program by refusing to pay all of the fine he was assessed. The BIA rejected this argument on the ground that He's partial payment of the fine did not constitute "other resistance." We agree. He testified that he would have paid all the fine if he were able and that he stowed away to the United States to earn the money to pay the fine. Because He's actions are a "grudging compliance" rather than a "failure[ or] refusal[] to comply," they do not constitute resistance. *In re M–F–W–*, 24 I. & N. Dec. 633, 637–38 (BIA 2008).

Likewise, the facts that He got married when under age and had children earlier than China's policy allowed do not compel a finding of resistance. He attempted to conceal his marriage from the authorities and did not display the "overt" and persistent defiance required for a showing of "other resistance." *In re S–L–L–*, 24 I. & N. Dec. 1, 10 (BIA 2006) (en banc), *overruled on other grounds by J–S–*, 24 I. & N. Dec. 520; *see also Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010).

### 2. Persecution

Nor would a reasonable factfinder be compelled to find that He has demonstrated persecution. Persecution is an "extreme concept." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009). Under *J–S–*, an asylum seeker may still present his spouse's forced abortion as "part" of "proof . . . of persecution." *J–S–*, 24 I. & N. Dec. at 535. We have recognized, however, that he must show substantial evidence

of further persecution in support of his claims. *Nai Yuan Jiang*, 611 F.3d at 1095.

He's claim of further persecution relies primarily on the economic deprivations that he has suffered. We have defined economic persecution as a "substantial economic disadvantage" that interferes with the applicant's livelihood, and a reasonable factfinder would not be compelled to find that He has suffered such persecution. *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). He has not shown any evidence of the effect of the fine on him, apart from that he went into hiding to avoid paying it, and he was able to borrow a much larger sum to travel to the United States. *See id.* at 1178 (rejecting the petitioners' claim because "they have presented no evidence that would compel a finding that their experiences rise to the level of persecution"). Even though He testified that he was forced into hiding between 1992 and 2004, he also testified and stated on his asylum application that he was able to continue working during that period. Thus, substantial evidence supports the BIA's determination that He did not suffer persecution. *See, e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (kindergarten teacher who was fired but was then able to find work in a factory was not subject to economic persecution).

Finally, He has not established that he has a well-founded fear of future persecution that is independent of any claim of past persecution. *See* 8 U.S.C. § 1101(a)(42).

## B. *No remand is necessary*

At oral argument, counsel for He asked us to grant the petition for review and remand the case to allow him to try to gather more evidence of resistance and persecution that he

could use to establish a claim of asylum in light of *J–S–*. We decline to do so.

We are without jurisdiction to consider this request. The Attorney General had decided *J–S–* almost a year before He filed his appellate brief to the BIA in March 2009. He had the opportunity to seek a remand for further factfinding at that point. He did not do so but instead argued that he was still eligible for asylum even under *J–S–*. We may not consider his new request to try to supplement the record.

We agree with the Fourth Circuit, which confronted the same situation in *Yi Ni v. Holder*, 613 F.3d 415 (4th Cir. 2010). The court rejected the petitioner's request for remand because he had already had

> ample opportunity to argue to the BIA that, in light of the change in the applicable law, he should be entitled to a remand in order to present additional evidence. By declining to raise such an argument before the BIA, Ni failed to exhaust his administrative remedies with regard to this issue, and we therefore lack jurisdiction to entertain it.

*Id.* at 431.

In coming to this conclusion, the Fourth Circuit explicitly distinguished the Seventh Circuit's decision in *Chen v. Holder*, 578 F.3d 515 (7th Cir. 2009). Chen sought asylum on the basis of his wife's forced abortion, but the IJ found that he was not credible. He appealed to the BIA in March 2007, but the BIA dismissed his appeal after *J–S–* was decided in May 2008, on the ground that he had not

established any resistance or persecution of his own. *Id.* at 516–17. The Seventh Circuit granted the petition and remanded to permit Chen to supplement the record because Chen had filed his brief before *J–S–* was decided. Here, on the other hand, as in *Yi Ni*, He had an opportunity to seek remand and may not wait until this point to make such a request.

He's request is unpersuasive in any event. In *J–S–*, the Attorney General noted that "[w]hether the Board and the courts should remand other cases for reconsideration in light of this opinion depends on the particularized facts of those cases," and that

> [w]here . . . a case that was decided principally on the basis of the [pre-*J–S–*] rule appears to involve credible evidence of threats or action against the applicant that might support relief under [*J–S–*], but that were not adequately considered or developed before the Immigration Judge, it may be an appropriate exercise of the Board's discretion to order a remand.

*J–S–*, 24 I. & N. Dec. at 543 n.15. At oral argument, He's counsel was not able to suggest what evidence would help him demonstrate either other resistance to China's one-child policy or persecution, let alone both. A request for a remand now, more than seven years after the announcement of *J–S–*, needs more than unspecific speculation that evidence might be found. He was able to try to establish eligibility for asylum through persecution on account of "other resistance" to the one-child policy throughout the entire course of these proceedings, and he had every incentive to submit all such

evidence into the record, even before *J–S–*. There is no reason to believe that He would be able to supply new evidence now. The particularized facts of this case do not support He's tardy request for remand.**²**

He's request that we grant his petition and remand for further proceedings is not warranted. If He does discover new evidence that "was not available and could not have been discovered or presented at the former hearing[s]," he may move the BIA to reopen the case. 8 C.F.R. § 1003.2(c)(1). The BIA may then exercise its discretion in deciding whether or not to reopen. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.

---

**²** At least six other circuit courts have denied petitions for review in similar circumstances. *E.g.*, *Jiao Hua Huang v. Holder*, 620 F.3d 33, 38 (1st Cir. 2010) (upholding the BIA's decision not to remand the case to the IJ for more factfinding in light of *J–S–*); *Ai Jing Jiang v. Holder*, 353 F. App'x 500, 502 (2d Cir. 2009) ("[T]here is no merit to Jiang's argument that because *Matter of J–S–* was decided after the IJ's decision, the BIA erred by not remanding the case."); *Shan Gui Chen v. Att'y Gen.*, 360 F. App'x 387, 392 (3d Cir. 2010) (per curiam) ("Although [Shan Chen] argues that his case should be remanded for consideration of the 'other resistance' issue, he does not point to any evidence in the record that could support such a finding, nor does he allege any facts, not previously submitted, that could support such a finding."); *Peng Fei Ye v. Holder*, 542 F. App'x 247, 251 n.3 (4th Cir. 2013) ("To the extent Petitioner argues he had inadequate opportunity to litigate this claim in light of the change in the law wrought by *Matter of J–S–*, our review of the record leads us to conclude otherwise."); *Shou Wei Jin v. Holder*, 572 F.3d 392, 396 (7th Cir. 2009) (holding, in a case where the petitioner fled China after his partner was forced to have an abortion, that "remand would be futile in this case because Jin presented no evidence that he personally suffered persecution as a result of China's population control policies"); *Jie Sun v. U.S. Att'y Gen.*, 334 F. App'x 977, 979 n.2 (11th Cir. 2009) (per curiam) ("[T]here is nothing in the record to indicate what other evidence of resistance Sun could have offered, nor does Sun say.").

2002).  On the present facts, however, we have no reason to grant the petition.

**Petition for review DENIED.**

---

REINHARDT, Circuit Judge, concurring.

I concur because when his appeal was before the BIA, He did not request that it be remanded to the IJ so that he could introduce evidence that would comply with *In re J-S-*.  Thus, he failed to exhaust his administrative remedies.  Had He sought a remand and had it been denied, I would have granted the present petition with instructions that it be remanded to the IJ.