MEMORANDUM **
Zhongxiang Zhou, a native and citizen of China, petitions for review of a final order of removal from the Board of Immigration Appeals (“BIA”). The BIA dismissed Zhou’s appeal of an Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and protection under the United Nations • Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.
Zhou first contests the partial adverse credibility finding made by the IJ and upheld by the BIA. Although the BIA found parts of Zhou’s story credible, it discounted Zhou’s testimony that family planning officials threatened him with forced sterilization on four different occasions, that it took him ten years of work to raise the money required to pay the family planning fines, and that the work put him in poor physical condition. The BIA discounted this information largely because it did not appear in Zhou’s declaration that was filed along with his asylum application. Zhou now contends that the IJ and the BIA .erred by not considering that, when he crafted his declaration, spouses of victims of forced abortion were automatically granted refugee status. But during Zhou’s hearing, which occurred two years after the law had changed, Zhou testified that his declaration was complete and included every type of harm he had experienced in China. Under the REAL ID Act of 2005, which governs this action, substantial evidence supports the partial adverse credibility determination. Tamang v. Holder, 598 F.3d 1083, 1093-94 (9th Cir.2010).
Zhou next alleges that the IJ and the BIA committed legal error by failing to consider his wife’s forced abortion as proof of his persecution and resistence to China’s family planning policies. Although applicants whose- spouses have been physically subjected to forced abortion or sterilization by a foreign government are no longer automatically entitled to refugee status, they may qualify for asylum if they can demonstrate: (1) refugee status based on persecution for “other resistence” to a coercive population control program; (2) a well-founded fear of being persecuted for other resistence to a coercive population control program; (3) that the specific facts of the case justify asylum on grounds other than those in section 601(a), 8 U.S.C. § 1101(a)(42); or (4) that they satisfy the requirements for derivative asylum. Jiang v. Holder, 611 F.3d 1086, 1093-94 (9th Cir.2010).
In considering a petitioner’s claim, the court must “consider a spouse’s forced abortion or sterilization as ‘proof that an applicant resisted a coercive population control policy.” Id. at 1094. But that proof is not alone sufficient as “an applicant must provide evidence of resistence in *910 addition to the spouse’s forced abortion or sterilization.” Id. Contrary to Zhou’s contentions, the BIA explicitly acknowledged its duty to consider Zhou’s wife’s forced abortion as proof of his past persecution. After considering this evidence, the BIA found that Zhou had not presented sufficient substantial evidence of other resis-tence or past persecution based on other resistence. Id. at 1095 (noting that a petitioner must show substantial evidence of further persecution beyond a spouse’s forced abortion in support of his claims).
Zhou essentially asserts that the IJ and BIA held him to an unnecessarily high standard by requiring him to provide proof of resistence beyond the facts that (1) his wife was subjected to a forced abortion, and (2) he neither supported nor acquiesced to the forced abortion. But the IJ and BIA did not err because we have recently held that more proof of resistence is required. See He v. Holder, 749 F.3d 792 (9th Cir.2014) (denying relief to a Chinese citizen who was fined twice the amount as Zhou for having an additional child, whose wife later suffered a forced abortion and sterilization, and who spent twelve years in hiding because he could not pay the fine). Here, the credible evidence presented by Zhou shows that he picked his wife up at the hospital after the forced abortion where he exchanged words with the family planning official, assisted his wife in concealing a pregnancy, and later paid a fine to the government for violating the policy by having a third child. Although these acts show that he did not acquiesce to the family planning policy, they do not constitute “ ‘overt’ and persistent defiance required for a showing of ‘other resistence.’ ” Id. at 796. Moreover, although Zhou testified that the family planning officials threatened him with arrest at the hospital, he was not detained and did not suffer any adverse consequences other than being required to pay the fine. Because persecution is an “extreme concept that means something more than ... harassment,” Donchev v. Mukasey, 553 F.3d 1206, 1213 (9th Cir.2009) (internal citations omitted), substantial evidence supports the BIA’s determination that Zhou did not establish past persecution.
Finally, Zhou has not proffered any credible evidence to support a well-founded fear of future persecution. Because a reasonable factfinder would not be compelled to find that Zhou either resisted China’s family planning policy or suffered persecution, the petition is denied.
PETITION DENIED/

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.