**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIANG DONG, AKA Lijie Dong, | No. 11-73260 |
| Petitioner, | Agency No. A089-661-702 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2015[**]
San Francisco, California

Before: PAEZ and BERZON, Circuit Judges and MORRIS,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Qiang Dong, a citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) final order of removal denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We grant the petition in part and deny it in part.

1. The immigration judge's (IJ) finding that Dong was not credible was based on substantial evidence, as was the BIA's affirmance. That evidence includes: Dong's omission from his asylum application of his wife's alleged forcible abortion; his subsequent evasiveness when discussing this omission during the second hearing; the inconsistencies in his discussion of how frequently the family planning agency sought him out; and his admission that he lied under oath to an asylum officer in his 2008 hearing. The BIA's determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Kin v. Holder*, 595 F. 3d 1050, 1054 (9th Cir. 2010). None of Dong's explanations for these inconsistencies meets that high bar. Because Dong's testimony is not credible, we must assess his claims based on his documentary evidence alone. *See, e.g., Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

2. To establish eligibility for asylum, a petitioner must show that he "has suffered persecution, or has a well-founded fear of persecution on account of, among other things, political opinion." *Ming Xin He v. Holder*, 749 F.3d 792, 794 (9th Cir. 2014). Dong's documentary evidence does not demonstrate past persecution. Dong's documentary evidence indicates that he and his wife had a second child, that they were fined for violating China's one-child policy, and that Dong lost his job. Even if Dong could prove that his job loss was connected to the violation of China's one-child policy, he has not demonstrated that the economic consequences of the fine and job loss "constitute[d] a threat to life or freedom" sufficient to qualify as past persecution. *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006); *see also Ming Xin He*, 749 F.3d at 796. Because Dong has not established past persecution, there is no presumption that he has a well-founded fear of future persecution. *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

3. In his asylum application, Dong responded affirmatively to the question, "Do you fear harm or mistreatment if you return to your home country?" Dong also testified before the IJ that if he was returned to China he would possibly be sterilized. Nonetheless, the IJ made no finding regarding Dong's fear of future persecution. In his notice of appeal to the BIA, Dong stated, "The IJ failed to

consider the documentary evidence in finding that respondent had not established a well-founded fear of persecution to state a claim for asylum." Dong reiterated that he and his wife likely would be sterilized in his supporting brief. The BIA, however, also failed to address Dong's fear of future persecution.

Absent an agency finding, we cannot rule on whether Dong established a well-founded fear of future persecution or is more likely than not to be persecuted if he returns to China. Therefore, we remand to the BIA to determine whether Dong is eligible for asylum or withholding of removal based on his fear of future persecution. *See Regalo-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013).

4. Dong has also failed to establish eligibility for relief under the Convention Against Torture (CAT). When a petitioner's testimony is found not credible, this Court can disapprove the BIA's decision denying CAT protection only if it finds that the petitioner's documentary evidence and the country reports alone compel the conclusion that the petitioner is more likely than not to be tortured. *Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010). Here, the only documentary evidence Dong has provided regarding his potential future torture is the United States Department of State's Country Report on China, which notes that in families that have two children like Dong's, "one parent was often

4

pressured to undergo sterilization." This statement does not compel reversing the BIA's conclusion that Dong is ineligible for CAT protection.

**GRANTED IN PART, DENIED IN PART.**

Each party shall bear its own costs.

5