NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHUAN WU SHI, <br><br>              Petitioner, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>              Respondent. | No.    13-70787 <br><br> Agency No. A087-589-114 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2017[**]
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and FABER,[***] District Judge.

Petitioner Chuan Wu Shi ("Petitioner" or "Mr. Shi") is a native and citizen

of China who entered the United States without admission or parole on June 28,

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

2009.  At his hearing before an immigration judge, Petitioner conceded removability, but filed a defensive application for asylum and withholding of removal based on the fact that the Chinese authorities forced his wife to undergo an abortion and sterilization.  The Immigration Judge ("IJ") denied his claim for asylum and withholding of removal.  Subsequently, the Board of Immigration Appeals ("BIA" or "Board") dismissed Mr. Shi's appeal.  To qualify for asylum relief,[1] Petitioner must show that he suffered past persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion," or has a well-founded fear of future persecution based on his own resistance to China's family-planning policy.[2]  8 U.S.C. § 1101(a)(42)(A); *see Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010).

We review the agency's factual findings under the substantial evidence standard, which maintains that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707

---

[1] Because we hold that Petitioner is ineligible for asylum relief, he cannot satisfy the more demanding standard for withholding of removal.  *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004).

[2] Mr. Shi declined to request protection under the Convention Against Torture ("CAT").

F.3d 1081 (9th Cir. 2013). We review *de novo* questions of law. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).

The onus rests on the asylum applicant to establish either past persecution and a presumption of future persecution, or a well-founded fear of future persecution. *See*, *e.g.*, *Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009); *Salazar-Paucar v. I.N.S.*, 281 F.3d 1069, 1073–74 (9th Cir.), *opinion amended on denial of reh'g,* 290 F.3d 964 (9th Cir. 2002). The spouse of a victim of a forced abortion or sterilization procedure cannot rely exclusively on the fact of the forced abortion or sterilization in order to obtain asylum. *See Jiang*, 611 F.3d at 1091–93 (9th Cir. 2010). Instead, the spouse must establish past persecution or a well-founded fear of persecution on account of "other resistance" to a coercive population control program or any other statutorily-protected ground. *See id.* at 1093–95. The forced abortion imposed on his wife "may be a part" of an asylum applicant's "other resistance" claim but it will not, by itself, suffice. *Matter of J–S–*, 24 I. & N. Dec. 520, 535 (BIA 2008); *see also He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014); *Jiang*, 611 F.3d at 1093–97.

Mr. Shi concedes that he was not present when his wife was apprehended and subjected to a forcible abortion, and later to sterilization; he was never detained or physically harmed; he experienced no personal mistreatment; and he offered no evidence that Chinese authorities were seeking to arrest him after 2007.

Petitioner also offered no evidence to demonstrate that he resisted China's coercive family planning policy. Although his wife's forced abortion and sterilization remains relevant to whether Mr. Shi suffered past persecution, Mr. Shi must demonstrate that he *personally* experienced the requisite level of harm based on his *own* resistance to China's family planning policy. Other than his testimony that the police damaged possessions in his home while searching for him, Mr. Shi provided no evidence to show that he was harmed, or that he personally suffered some injury because of what happened to his wife.

Additionally, Mr. Shi failed to establish his own resistance to the population control policies. Certainly, Petitioner claims that he was opposed to his wife's abortion and sterilization. Yet he failed to communicate his opposition to the population control officials since he was not present when his wife was subject to the abortion and sterilization. Similarly, the removal of Petitioner's wife's intra-uterine device ("IUD") and Petitioner's plan, with which he did not follow through, to hide his wife during her third trimester, do not collectively or in any other combination establish his resistance. The purpose of removing the IUD was to protect his wife's health, not necessarily to protest China's population control policy, even though the removal allowed his wife to conceive the couple's third child.

Given "the totality of the circumstances," *Guo v. Ashcroft*, 361 F.3d 1194,

4

1203 (9th Cir. 2004), and "the cumulative effect of all the incidents [] [P]etitioner has suffered," *Korablina v. I.N.S.*, 158 F.3d 1038, 1044 (9th Cir. 1998), including his wife's forced abortion and sterilization, "a reasonable fact-finder would [not] be compelled to conclude" that Mr. Shi was persecuted. *Khourassany v. I.N.S.*, 208 F.3d 1096, 1100 (9th Cir. 2000). Accordingly, we hold that substantial evidence supports the BIA's finding.

**PETITION FOR REVIEW DENIED.**