**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHUN LI, | No.   12-73032 |
| Petitioner, | Agency No. A089-886-746 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2018**
Honolulu, Hawaii

Before:  O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Chun Li seeks review of the Board of Immigration Appeals' (BIA) decision

to affirm the Immigration Judge's (IJ) adverse credibility determination and

corresponding denial of asylum and withholding of removal. Because the facts are

known to the parties, we repeat them only as necessary to explain our decision.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's determination that Li's testimony lacked credibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The BIA reasonably found that Li's explanation for not knowing the circumstances of his wife's abortion, claiming that he and his wife just never discussed it, was inherently implausible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (explicitly allowing consideration of "the inherent plausibility of the applicant's . . . account"). The BIA also correctly noted inconsistencies in Li's testimony regarding whether he and his wife sent mail to each other; for example, Li first testified that he mailed money back to his wife but then testified that he wired the money back. *See Shrestha*, 590 F.3d at 1043 ("Inconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). Finally, the BIA's determination that Li's answers concerning his wife's medication were unclear and evasive is well supported in the record.

The BIA's reliance on a purported inconsistency or omission regarding whether Li was forced to pay a fine was error. Li first testified that he did not have to pay a *bond* at the time of his *release*, while he later testified that he did have to pay a *fine* at the time of his *arrest*. Because those are two completely separate monetary payments, Li's responses were not inconsistent. Nor should the BIA have

relied on the omission of the fine in Li's asylum application, because that omission does not "tell a 'much different—and more compelling—story of persecution than [the] initial application.'" *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). Fines only constitute economic persecution when they "interfere[] with the applicant's livelihood," and there is no indication that Li's fine interfered with his livelihood. *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). Nevertheless, given the substantial evidence that supports the adverse credibility determination, such error was harmless. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence, . . . .").

## II

Because Li failed to "satisfy the IJ that [his] 'testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that [he] is a refugee,'" the IJ had "no obligation to give [Li] an additional opportunity to bolster [his] case by submitting further evidence." *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). And the corroborating evidence that Li did provide falls short of compelling the conclusion that he is eligible for asylum or entitled to withholding of removal. *See id.* The BIA reasonably determined that the letter from Li's wife lacked sufficient detail to carry

3

Li's burden to demonstrate his eligibility. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

The petition for review is **DENIED**.