**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINPING ZHUANG, | No. 12-74156 |
| Petitioner, | Agency No. A089-781-843 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2018[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Jinping Zhuang seeks review of the Board of Immigration Appeals' (BIA)

decision to dismiss Zhuang's appeal of the Immigration Judge's (IJ) denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum and withholding of removal. The facts are known to the parties and will not be repeated here unless necessary.

## I

The IJ found Zhuang not credible, and denied relief on such basis. The BIA assumed credibility and denied relief because Zhuang could not demonstrate harm rising to the level of persecution. As such, our review "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We review the BIA's decision for substantial evidence. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir. 2004).

## II

Zhuang argues that he is eligible for asylum because he "has been persecuted for . . . resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42).

Even were Zhuang's actions sufficient to constitute "resistance," they do not "rise to the level of persecution." *Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1095 (9th Cir. 2010). Zhuang testified that he paid a bribe to Chinese authorities in order to prevent his wife from being inserted with an intrauterine device. He also testified that he sustained an injury to his knee when authorities pushed him into a

ditch as his wife was taken for a forced abortion. Zhuang acknowledged that he did not seek medical attention for the injury, and that it does not currently impair his walking.

Zhuang must present proof, of which his spouse's forced abortion and sterilization may be a part, of persecution on account of his engaging in "other resistance" to a coercive population control program. We have recognized that, in addition to his wife's treatment, Zhuang "must show substantial evidence of further persecution in support of his claims." *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). And persecution is an "extreme concept." *Id.* (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)).

The only evidence Zhuang provided of further persecution was his knee injury, which required no medical attention. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (finding lack of persecution in part because injury "did not require medical treatment"). Under the "totality of the circumstances," the conclusion that

Zhuang was persecuted is not "compelled." *Nai Yuan Jiang*, 611 F.3d at 1095

(quoting *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004)).[1]

III

The petition for review is **DENIED**.

---

[1] Because Zhuang cannot establish that he is entitled to asylum, he also cannot satisfy the higher standard required for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Furthermore, because Zhuang has not demonstrated past persecution, the claim that he is entitled to a presumption of a well-founded fear of future persecution must necessarily fail as well. *See Ming Xin He*, 749 F.3d at 796 (9th Cir. 2014) (dismissing claim for a well-founded fear of future persecution because it was not "independent of any claim of past persecution").