NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JIE ZHANG,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 15-70018<br><br>Agency No. A089-719-889<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and GLEASON,** District Judge.

Jie Zhang, a Chinese citizen, petitions for review of the Board of

Immigration Appeals' ("BIA") denial of asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We review questions of law

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

de novo, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and denial of Zhang's claims for relief for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition.

As a threshold matter, our recent case law forecloses the BIA's conclusion that Zhang's opposition to the Chinese government's use of eminent domain against his property is not an imputed political opinion. *Song v. Sessions*, No. 14-71113, 2017 WL 7689592, at *5 (9th Cir. Feb. 15, 2018) ("Whether or not Song viewed himself, his protest, or his refusal to vacate as anti-government, the government officials made clear that they viewed them as such."). Nonetheless, substantial evidence supports the BIA's alternate holding that Zhang's single beating by Chinese police does not amount to past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020–21 (9th Cir. 2006). Nor does the record compel the conclusion that the Chinese government would have any reason to harm Zhang over a decade after he left the country or that he consequently holds a well-founded fear of persecution. *See id*. at 1021–22.

Moreover, Zhang is not per se eligible for asylum as the spouse of a victim of government-mandated abortions. *He v. Holder*, 749 F.3d 792, 795 (9th Cir. 2014). While we may consider a spouse's forced abortion as part of a petitioner's claim, "he must show substantial evidence of further persecution" in order to

prevail. *Id.* at 796; *see also Jiang v. Holder*, 611 F.3d 1086, 1095–96 (9th Cir. 2010). Zhang has failed to identify such harm. There is thus no merit to his contention that the BIA failed to consider his multiple purported sources of persecution in the aggregate. And because substantial evidence supports denial of Zhang's asylum claim, he is ineligible for withholding of removal. *Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir. 2004).

Finally, even if Zhang were to be arrested upon his return to China, his detention alone would not constitute torture. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015). Substantial evidence therefore supports denial of his CAT claim.

Accordingly, Jie Zhang's petition for review of his claims for asylum, withholding of removal, and CAT relief is **DENIED**.