NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XUEBING ZHENG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   13-72754

Agency No. A089-899-150

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2019**
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Xuebing Zheng, a Chinese national, petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his applications for asylum and

withholding of removal.  Zheng asserts that his applications should have been

granted because he demonstrated persecution for other resistance to a coercive

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

population program as required by 8 U.S.C. § 1101(a)(42)(B).

We have jurisdiction under 8 U.S.C. § 1252. Although substantial evidence appears to undercut the Immigration Judge's ("IJ") finding of adverse credibility, we affirm the BIA's denial of asylum and withholding of removal on the merits because Zheng did not establish "other resistance to a coercive population control program" required under 8 U.S.C. § 1101(a)(42)(B). "[A]n applicant must provide evidence of resistance in addition to the spouse's forced abortion or sterilization" to overcome the possibility that the spouse may have not resisted or even affirmatively supported the procedure. *Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010).

Zheng's actions do not constitute resistance under our case law. In *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014), we held that having children earlier than permitted under China's population control program does not compel a finding of resistance. We also held that payment of a fine demonstrates "grudging compliance rather than a failure or refusal to comply," and therefore does not constitute resistance. *Id.* (internal citation omitted). Zheng's decision to take his wife into hiding also falls short of the "overt and persistent defiance" required for a showing of resistance. *Id.* (internal citation omitted).

We decline to resurrect the per se rule granting asylum to spouses of individuals who underwent forced abortion or sterilization, rejected by the

2

Attorney General in *Matter of J-S-*, 24 I. & N. Dec. 520 (BIA 2008), in the proper exercise of his authority pursuant to 8 C.F.R. § 1003.1(h)(1)(i).

**PETITION DENIED.**