**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YIKAI JIANG,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No. 14-73551<br><br>Agency No. A201-193-101<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020**

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Yikai Jiang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that even if Jiang testified credibly and filed a timely application for asylum, he failed to establish either past persecution or a well-founded fear of future persecution on account of a protected ground. *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (noting that spouses of victims of forced abortions are not per se entitled to asylum and concluding that the petitioner had not made a compelling showing of past persecution); *Gu v. Gonzales*, 454 F.3d 1014, 1020-22 (9th Cir. 2006) (concluding that a three-day detention, a two-hour interrogation, and a beating with a rod did not compel a conclusion of past persecution and that the petitioner had failed to "present compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Jiang's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Jiang failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**