**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 31 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANRUI LIN,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY A. ROSEN, Acting Attorney General,<br><br>Respondent. | No.   19-73150<br><br>Agency No. A088-457-571<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2020
San Francisco, California

Before:  BOGGS,[**] M. SMITH, and BENNETT, Circuit Judges.

Jianrui Lin, a native and citizen of the People's Republic of China, petitions

for review of the order of the Board of Immigration Appeals (BIA) that denied his

application for asylum and withholding of removal.  We have jurisdiction pursuant

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

to 8 U.S.C. § 1252. We deny the petition.[1]

The BIA agreed with and incorporated specific findings of the Immigration Judge (IJ) and added its own reasoning, so we review both decisions as to those findings. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review factual findings, including adverse credibility determinations, for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

The BIA affirmed the IJ's adverse credibility determination based on two inconsistencies between Lin's testimony and the Floating Population Booklet ("booklet") he submitted. The first is a date inconsistency: Lin testified that his wife was sterilized on October 10, 1995, but the booklet indicates his wife was sterilized in November 1995. Lin's explanation is that he was testifying as to the date in the Chinese Lunar Calendar, while the booklet uses the Western Gregorian Calendar. The second inconsistency is a fee inconsistency: Lin testified that he and his wife received two fines totaling 9,000 RMB following the births of their two children, but the booklet indicates a total of 13,000 RMB was levied as a social compensation fee. Lin's explanation is that his wife paid an additional 4,000 RMB for the issuance of the booklet, which was subsumed into the social compensation fee.

We have found that "[m]ajor inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse

---

[1] Lin's motion for a stay of removal is denied as moot.

credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). But "trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination." *Shrestha*, 590 F.3d at 1044.

Here, the date inconsistency is trivial. The BIA determined that October 10, 1995 in the Lunar calendar is December 1, 1995 in the Gregorian calendar (which does not fall within November 1995, as the booklet shows). So the BIA rejected the "validity" of Lin's explanation and upheld the IJ's finding that the date discrepancy supported an adverse credibility finding. The BIA erred in relying on this discrepancy between December 1 and November to discount Lin's explanation. We have routinely found one-day discrepancies too minor and trivial to support adverse credibility determinations. *See Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011). That Lin may have testified in the Lunar calendar does not change what would otherwise be a trivial date inconsistency into a material one. The BIA was, of course, free to reject Lin's explanation that he testified in a different calendar for reasons other than the trivial date inconsistency. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). But the BIA and the IJ have not provided any plausible alternative grounds to discount Lin's explanation.[2] Thus, the date inconsistency is not a valid

---

[2] The BIA suggests that Lin needed to provide evidence of how the Lunar calendar translated to the Gregorian calendar. Even if that were true, it cannot be a reason to

basis for the adverse credibility determination.

The fee inconsistency, however, is not trivial. The IJ found that 4,000 RMB would have been a major expense for Lin's family. This finding is supported by the record, which shows that 4,000 RMB was somewhere between a month's and over a year's salary for Lin, depending on when the fee was levied. Further, Lin's asylum claim requires him to establish, in addition to his wife's sterilization, some further persecution, such as economic persecution. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). Thus, the amount of social compensation fee charged against Lin and his family is material to his asylum claim. *See Zamanov*, 649 F.3d at 973 ("[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination."). Lin's explanation for this nontrivial fee inconsistency is that his wife paid the 4,000 RMB as an issuance fee for the booklet. The IJ found it implausible that such a major expense would be omitted from Lin's direct testimony and supporting statements. And the BIA rejected Lin's explanation as inconsistent with the text of the booklet, which describes the fee as a "social compensation fee." The record does not compel the conclusion that the BIA erred in declining to credit Lin's explanation. *See id.* at 974.

Accordingly, the fee inconsistency provides a valid basis to uphold the

---

reject Lin's explanation here, as the BIA administratively noticed the necessary evidence.

adverse credibility determination. *See Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) ("We must uphold an adverse credibility determination so long as even one basis is supported by substantial evidence." (citation and internal quotations omitted)). The BIA did not err in finding that Lin's supporting documents failed to rehabilitate his credibility. Although the documents may establish the fact of his wife's sterilization, they are contradictory about the fines that Lin and his family paid. Thus, the documents do not rehabilitate Lin's testimony. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Without credible testimony, Lin's asylum claim fails. Lin's application for withholding of removal is based on the same testimony and documents as his asylum claim and must therefore also fail.

The petition for review is **DENIED**.