**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOUFU QIN,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 14-71912<br><br>Agency No. A201-188-320<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Youfu Qin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's determination that, even if credible, Qin failed to establish his experiences in China constituted past persecution on account of "other resistance" to China's coercive population control policy. *See He v. Holder*, 749 F.3d 792, 795-96 (9th Cir. 2014). Substantial evidence also supports the BIA's finding that Qin failed to demonstrate an objectively reasonable well-founded fear of future persecution in China. *See Gu*, 454 F.3d at 1022 (even considering continuing interest in petitioner, record did not compel the finding that petitioner established a well-founded fear of persecution); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution too speculative). We reject Qin's contention that the BIA erred or misinterpreted the record, and his contention that the BIA should have remanded his case for an opportunity to submit additional corroboration. Thus, Qin's asylum claim fails. *See Nagoulko*, 333 F.3d at 1018.

Because Qin failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

14-71912

Finally, Qin's motion for a stay of removal is denied. The temporary stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**