**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUANGSHENG LIN, | No. 12-72898 |
| Petitioner, | Agency No. A097-959-455 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Chinese national Guangsheng Lin petitions for review of an order of the

Board of Immigration Appeals ("BIA") affirming the decision of the Immigration

Judge denying his application for asylum and withholding of removal.

**1.** Substantial evidence supports the BIA's determination that Lin's

experiences in China did not rise to the level of persecution. Lin did not offer any

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

evidence of arrest, detention, or physical harm. *See Jiang v. Holder*, 611 F.3d 1086, 1095-97 (9th Cir. 2010); *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc). Lin also did not testify that he was unable to pay the fine imposed or that it caused his family hardship. *See Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). Without more, evidence that Lin's wife was forced to abort a pregnancy does not establish past persecution of him. *Id.* ("[A]n asylum seeker may still present his spouse's forced abortion as part of proof . . . of persecution. We have recognized, however, that he must show substantial evidence of further persecution in support of his claims." (quotation marks and citation omitted, omission in original)).

**2.** The BIA's conclusion that Lin's fear of future persecution is not objectively reasonable, however, lacks substantial supporting evidence. Lin's testimony, which the Immigration Judge found to be credible, established the following facts: After having two children, Chinese family planning officials forced his wife to abort a pregnancy; the officials then informed Lin that he or his wife "ha[d] to be sterilized;" Lin and his wife hid at a cousin's house until he fled China to avoid sterilization; the officials looked for him at his parents' house between one and three times each year; the officials told Lin's mother that if apprehended he would be sterilized "for sure;" and the officials have declined to sterilize Lin's wife,

presumably because she will not become pregnant with Lin abroad. This "credible, direct, and specific evidence" compels the conclusion that Lin faces a reasonable possibility—at least a 10 percent chance—that he will be sterilized if repatriated. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). Lin qualifies for asylum based on this well-founded fear. 8 U.S.C. § 1101(a)(42) ("[A] person who has a well founded fear that he or she will be forced to [abort a pregnancy or to undergo involuntary sterilization] . . . shall be deemed to have a well founded fear of persecution on account of political opinion.").

**3.**     The BIA did not err in denying withholding of removal. The record does not compel the conclusion that sterilization "*will* happen, in the sense of being more likely than not." *Lim v. I.N.S.*, 224 F.3d 929, 938 (9th Cir. 2000). "[U]nder the circumstances of this case, the mitigating factors cited by the BIA provide substantial evidence to mitigate the risk in this case to something below fifty percent." *Id.*

Petition **GRANTED IN PART**, **DENIED IN PART**, and **REMANDED** to the BIA to exercise its discretion whether to grant Lin asylum. The parties shall bear their own costs.