NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN SANTIAGO VELASQUEZ
CARRILLO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-70098

Agency No. A077-378-840

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Edwin Santiago Velasquez Carrillo, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Silaya v. Mukasey,* 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's conclusion that even if Velasquez Carrillo established past persecution on account of a protected ground, a fundamental change in circumstances in Guatemala rebutted his presumption of a well-founded fear of future persecution. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998-1001 (9th Cir. 2003) (the BIA rationally construed the country report and provided a sufficiently individualized analysis of how the changed conditions affected petitioner's specific situation). Because the BIA did not rely on corroboration in making this dispositive determination, we do not reach Valasquez Carrillo's contentions that the agency erred and violated due process by applying the REAL ID Act's corroboration standards to his case. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (the court need not reach nondispositive challenges to the BIA's order). We lack jurisdiction to consider Velasquez Carrillo's contentions regarding humanitarian asylum. *See He v. Holder*, 749 F.3d 792, 795 (9th Cir. 2014) ("We are without jurisdiction to

13-70098

hear arguments that a petitioner has not exhausted by raising and arguing in his brief before the BIA").   Thus, Velasquez Carrillo's asylum claim fails.   *See Gonzalez-Hernandez*, 336 F.3d at 1001.

Because Velasquez Carrillo failed to establish eligibility for asylum, he necessarily does not qualify for withholding of removal.   *See id.* at n.5.

Finally, substantial evidence also supports the BIA's denial of CAT relief because Velasquez Carrillo failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala.   *See Silaya,* 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**