**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUN LI,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-70011

Agency No. A087-827-766

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Qun Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").   We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Li's voluntary return to China for which Li did not provide a compelling reason.  *See id.* at 1048; *Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008) (voluntary return trips supported adverse credibility determination).  In the absence of credible testimony, Li 's asylum and withholding of removal claims fail.  *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

Finally, Li's CAT claim fails because it is based on the same evidence the agency found not credible, and Li does not point to any other evidence that compels the conclusion it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**