NOT FOR PUBLICATION

FILED

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YI SU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-72480<br><br>Agency No. A200-797-692<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY and CLIFTON, Circuit Judges.

On August 5, 2015, the court granted respondent's unopposed motion to hold proceedings in abeyance for an additional 90 days.  The stay of proceedings expired on November 3, 2015.  Thus, respondent's motion to lift the stay (Docket Entry No. 23) is denied as moot.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Yi Su, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, the totality of circumstances, including Su's wife's abortion in China, did not rise to the level of persecution. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014); *see also Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) (evidence did not compel finding of past persecution). The record does not support Su's contention that the BIA did not consider the totality of circumstances in addressing his claim. Because Su failed to establish past persecution, he does not have a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Su does not otherwise contend he has a well-founded fear of persecution if returned to China. *See He*, 749 F.3d at 796. Thus, Su's asylum claim fails.

Finally, because Su failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**