**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XINFENG LI,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   14-71971<br><br>Agency No. A088-124-664<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2016[**]
Pasadena, California

Before:  BERZON and NGUYEN, Circuit Judges, and ZOUHARY,[***] District
Judge.

Xinfeng Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal of the denial of his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition. Substantial evidence supports the BIA's determination that, considering the totality of the circumstances, Li failed to demonstrate harm rising to the level of persecution.

1.      Spouses of individuals forced to undergo abortions are not presumptively eligible for refugee status, but they may qualify for political asylum if they have been persecuted "for other resistance to a coercive population control program."  8 U.S.C. § 1101(a)(42); *Jiang v. Holder*, 611 F.3d 1086, 1092–97 (9th Cir. 2010).

In *Jiang*, this Court held that an asylum applicant, whose girlfriend was subjected to a forced abortion, established such persecution. Officials detained Jiang until the abortion was complete and released him only upon payment of a heavy fine. Jiang was expelled from school due to his romantic relationship, which was legally prohibited, but he still attempted to marry his girlfriend in a traditional ceremony. When officials disrupted the wedding and attempted to arrest Jiang, both he and his girlfriend went into hiding. *Id.* at 1094–97.

By comparison, Li's experience was considerably less extreme. Unlike Jiang, Li has not demonstrated any long-term adverse impact due to government action. Li was beaten when he tried to prevent family-planning officials from taking his wife to undergo the abortion, but a single incident is not typically sufficient to constitute persecution. *See Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009) (holding a one-time beating by a mob, combined with other incidents of harassment, did not amount to past persecution). Though Li's wages were cut and he lost his factory job due to the family-planning violation, any economic deprivation was not substantial because he found a better-paying job as a taxi driver. *Cf. He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (finding no economic persecution where the petitioner was fined for a family planning violation and went into hiding to avoid paying the fine in full, but was able to continue working). Moreover, Li and his family remained in China, apparently free from harassment, for eight years following the forced abortion, and Li left China and returned without incident before coming to the United States.

Li's inability to have additional children could be considered a long-term adverse impact. Li's wife was forced to wear an IUD for the remainder of her childbearing years -- arguably analogous to a forced sterilization. But a spouse's forced sterilization alone is insufficient for a derivative persecution claim. *See*

3

*Jiang*, 611 F.3d at 1093–94.  Further, Li has been in the United States for the past nine years, which also prevented him from having children with his wife who remains in China.

Substantial evidence also supports the BIA's determination that Li failed to demonstrate a well-founded fear of future persecution, independent of his claim of past persecution.  *See He*, 749 F.3d at 796.  Thus, his asylum claim fails.

2.    Because Li failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

3.    Finally, substantial evidence supports the BIA's denial of CAT relief because Li failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Chinese government if returned.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.