NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WENZHONG LU,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   13-73332<br><br>Agency No. A089-987-533<br><br>MEMORANDUM*  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Wenzhong Lu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   Our

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's conclusions that, even if credible, Lu failed to establish past persecution on account of other resistance to China's population control policies, *see He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014), and the harm Lu suffered as to his land taking claim did not rise to the level of persecution, *see Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006). Substantial evidence also supports the BIA's conclusion that Lu failed to establish a well-founded fear of persecution in China. *See Gu*, 454 F.3d at 1022 (applicant failed to present compelling objective evidence demonstrating a well-founded fear of future persecution). Thus, Lu's asylum claim fails.

Because Lu failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal claim. *See Zehatye*, 453 F.3d at 1190.

We lack jurisdiction to consider Lu's contentions related to his CAT claim because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-73332