**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHICHEN LIU,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-70910

Agency No. A089-887-901

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2018
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable George Caram Steeh III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Shichen Liu, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals denying his application for asylum.[1]  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Substantial evidence supports the Board's conclusion that Liu was not mistreated on account of political opinion.  Liu admitted that he was arrested for physically attacking police officers when they arrived to break up a group protest, and that during his detention he was accused of disturbing the social order—a punishable offense in China.  Liu also concedes that not all protesters were arrested, lending further support to the Board's conclusion that Liu's detention was motivated by his resistance to police authority, not the content of his demonstration.

Liu identifies an instance during his detention where officers accused him of being "antiparty, antigovernment," and argues that this imputed antigovernment opinion was a central reason for his mistreatment.  The record does not compel

---

[1]Liu does not argue for review of that part of the Board's decision denying his applications for withholding of removal and relief under the Convention Against Torture.  The argument is therefore waived.  *See Ming Xin He v. Holder*, 749 F.3d 792, 795 n.1 (9th Cir. 2014).

such a conclusion. Although the officers' accusation might suggest that they were motivated *in part* by an imputed antigovernment political opinion, it is not clear that the imputed political opinion was a *central reason* for Liu's mistreatment. The accusation occurred only once, during a second interrogation, amid other allegations that Liu had disrupted social order. The record thus does not reveal a causal connection between Liu's imputed political opinion and any of the mistreatment he claims to have suffered. *Cf. Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009) (holding that a solitary reference to petitioner's ethnicity did not compel the conclusion that she was persecuted on account of a protected ground in light of persecutors' other, non-ethnically-charged remarks).

Liu urges us to reach a different conclusion based on *Song v. Sessions*, 882 F.3d 837 (9th Cir. 2017), but the case is distinguishable based on the nature of Song's activities and how the Chinese government perceived them.

## II

Substantial evidence also supports the Board's conclusion that Liu's mistreatment, while perhaps harsh, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006) (holding that petitioner failed to show persecution even though he had been detained for several days, interrogated, beaten with a rod, and required to report weekly to the police station).

3

**PETITION FOR REVIEW DENIED.**