**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QINGXUE LU, | No. 14-71763 |
| Petitioner, | Agency No. A075-705-402 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Qingxue Lu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Lu failed to demonstrate that the harm he experienced in China rose to the level of persecution. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (petitioner must show "substantial evidence of further persecution" apart from spouse's forced abortion). Substantial evidence also supports the agency's conclusion that Lu failed to establish a well-founded fear of future persecution in China. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (A well-founded fear "must be both subjectively genuine and objectively reasonable" (quoting *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004)). Thus, Lu's asylum claim fails.

In this case, because Lu failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

In his opening brief, Lu does not challenge the agency's denial of his application for CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

14-71763

**PETITION FOR REVIEW DENIED.**