NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMANDEEP SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-71923

Agency No. A201-290-567

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2019
San Francisco, California

Before:  M. SMITH, WATFORD, and HURWITZ, Circuit Judges.

Amandeep Singh, a native and citizen of India, petitions for review of a

Board of Immigration Appeals (BIA) order dismissing his appeal from the decision

of an immigration judge (IJ) denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture.  We deny the

petition for review.

   **1.**  Substantial evidence supports the agency's conclusion that Singh did not

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

show he was a victim of past persecution. *See* 8 C.F.R. §§ 1208.13(b)(1); 1208.16(b)(1). Singh and his friends initially approached his attackers, members of Dera Sacha Sauda, at a religious recruitment event to stop them from saying "wrong things about [his] religion." In promoting their own religion, Dera Sacha Sauda members disagreed with Singh's religion and chased him out of their event. Two months later, Dera Sacha Sauda members encountered Singh alone and after recognizing Singh from the disruption of their religious event, they beat him. "Persecution is an 'extreme concept,'" *He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). Although the beating could support a finding of past persecution, *see Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018), that fact alone does not compel such a finding, *see Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009).

Furthermore, past persecution must be "committed by the government or forces the government is unable or unwilling to control." *Chand v. I.N.S.*, 222 F.3d 1066, 1073 (9th Cir. 2000) (internal quotation marks omitted). The agency credited Singh's testimony that after he was severely beaten by members of another religious group, the police demanded a 25,000 rupee bribe to help him. But this evidence alone is not enough to compel the conclusion that the government was unable or unwilling to control the people who harmed Singh. *See Kusnanto v. Sessions*, 730 F. App'x 454, 458 (9th Cir. 2018) (concluding that "two

incidents where the police requested payment are not sufficient to establish acquiescence on the part of the government.") After the police demanded a bribe, Singh never tried going to them again, nor did he try contacting anyone else in the government.

In *Afriyie v. Holder*, 613 F.3d 924 (9th Cir. 2010), upon which Singh relies, the fact that the Ghanaian police demanded bribes for their services contributed to our conclusion that the record compelled a finding that the government was unable or unwilling to protect the petitioner. *Id.* at 933. But it was only one factor of many: The police also, for example, "expected individuals reporting crimes to track down and bring in the perpetrators" themselves. *Id.* at 932. Because Singh's evidence showed only that the police demanded a bribe on one occasion, the evidence does not compel a finding that the government was unable or unwilling to control the people who attacked him, and therefore does not compel a finding of past persecution.

**2.** Substantial evidence supports the agency's determination that Singh did not establish a well-founded fear of future persecution and is therefore ineligible for asylum and withholding of removal. 8 C.F.R. §§ 1208.13(b)(2); 1208.16(b)(2). Singh's attackers were part of Dera Sacha Sauda, a small religious minority active in only some regions of India. There is no reason to think that Singh is at future risk from a group with such limited influence because he is a Sikh. For the same

reason, substantial evidence supports the agency's determination that he is ineligible for protection under the Convention Against Torture. 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

*Singh v. Barr*, No. 15-71923

WATFORD, Circuit Judge, dissenting in part:

In my view, the evidence compels the conclusion that Amandeep Singh was the victim of past persecution on account of his religion. I would therefore grant the petition for review as to his asylum and withholding claims.

Members of another religious faith told Singh to abandon his religion and join their own. When he refused to disavow his faith, they beat him until he was unconscious, hospitalizing him for two weeks. When he went to the police for help, they refused to help him unless he paid a bribe, which was more than he could afford to pay. The majority errs by concluding that these facts do not establish past persecution.

The majority does not dispute that the harm Singh suffered was on account of his religion. As the IJ correctly found, "disagreement about religious faith" was a "primary motivation" for the attack. That is precisely what our precedent requires. *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009).

The majority holds, however, that the suffering Singh endured was not severe enough to compel a finding of past persecution. But Singh was beaten by at least ten people, using sticks and a sword, until he lost consciousness. He was hospitalized for two weeks as a result. As we stated in *Parada v. Sessions*, 902 F.3d 909 (9th Cir. 2018), a beating severe enough to render someone unconscious

"is clearly sufficient to show past persecution." *Id.* at 909 (internal quotation marks omitted).

The majority also concludes that the record does not compel a finding that the government was "unable or unwilling" to control Singh's attackers, even though the police conditioned their help on a bribe he could not afford to pay. If a police department's rule were to assist only the wealthy, I'm sure we would not hesitate to say that they were "unwilling" to help the poor. Yet that is precisely the situation we confront here. Based on Singh's experience and country conditions evidence, the IJ found that "the police in India require payment for assistance." It makes no difference that Singh, once his plea for help was refused, did not ask again, for nothing in the record suggests that the police would have changed their minds if only he had asked once more. When the evidence shows that the police would have refused assistance, we do not require a petitioner to go through the motions of asking for help even once. *See Rahimzadeh v. Holder*, 613 F.3d 916, 921 (9th Cir. 2010).

Singh's evidence compels the conclusion that the police were *unwilling* to help him. He does not have to show that they were also *unable* to help him. Our decision in *Afriyie v. Holder*, 613 F.3d 924 (9th Cir. 2010), makes this clear. There, the petitioner's evidence of severely limited police resources established that the police were "unable to protect [him]." *Id.* at 932. In the next section of the

opinion, we noted that "even if the police *could* protect him if they so desired, they demand bribes for their services." *Id.* at 933. We therefore concluded "that the police were unwilling to protect him in their governmental capacity, as well as unable to do so." *Id.* But just because Afriyie showed both police inability and unwillingness doesn't mean that Singh has to. Either on its own is enough.

Because Singh's evidence compels a finding of past persecution, I would grant the petition for review and remand for further proceedings.