NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAOSHENG LIU,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   14-71633

Agency No. A088-124-288

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Baosheng Liu, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Liu failed to establish that the harm he experienced in China rose to the level of persecution. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (petitioner must show "substantial evidence of further persecution" apart from spouse's forced abortion); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel the conclusion that petitioner's past harm constituted persecution). Substantial evidence also supports the agency's conclusion that Liu failed to establish a well-founded fear of future persecution in China. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution "too speculative"). Thus, Liu's asylum claim fails.

In this case, because Liu failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Liu failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v.*

2

*Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**