**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONG BIN LIU, AKA Yongbin Liu, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   16-70924 <br><br> Agency No. A200-755-540 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Yong Bin Liu, a native and citizen of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' (BIA) order dismissing

his appeal from an immigration judge's (IJ) decision denying his application for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review factual findings for substantial evidence. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252(b), and we deny the petition. Because the parties are familiar with the history of this case, we need not recount it here.

I

The BIA's determination that Liu failed to establish proof of further persecution to qualify for asylum is supported by substantial evidence. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (holding that while an asylum seeker may present his spouses's forced abortion as proof of persecution, "he must show substantial evidence of further persecution in support of his claims."). Liu's claim of further persecution relies primarily on his detention and the fine levied against him. Though Liu was detained for 15 days for having breached family planning policies and fellow detainees beat him, Chinese authorities did not physically harm him nor did he present evidence that Chinese authorities were unable or unwilling to control the detainees. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (holding that in order to establish past persecution, a petitioner must demonstrate that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control.").

Liu claims that the 8,000 RMB fine imposed on him rises to the level of persecution because it resulted in substantial economic disadvantage to him and his family. However, Liu has not shown any evidence of the effect of the fine on him or his family, and he was able to pay off a significantly larger 60,000 RMB bank loan to travel to Guam and work. *See He*, 749 F.3d at 796 (finding that a fine for violating China's one-child policy did not rise to the level of economic persecution where the petitioner was "able to borrow a much larger sum to travel to the United States" and "was able to continue working" after the fine was imposed). Thus, substantial evidence supports the BIA's determination that Liu did not suffer persecution.

Liu has not established that he has a well-founded fear of future persecution that is independent of any claim of past persecution: Liu continued to live in China for five months after his detention, unharmed; his wife and child have remained in China, unharmed; and despite his prior infraction, he was able to obtain a work visa. In sum, substantial evidence supports the BIA's determination that he was not entitled to asylum.

II

Liu did not argue for review of the BIA's decision that he is not eligible for withholding of removal or CAT relief. Therefore, those issues are waived, and we

do not address them.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)

("[A]rguments not raised by a party in its opening brief are deemed waived.").

**PETITION FOR REVIEW DENIED.**