**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSENDO RAMIREZ-RAMIREZ, AKA Rosendo Ramirez Ramirez, | No. 19-71013 |
| Petitioner, | Agency No. A201-223-330 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Rosendo Ramirez-Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Ramirez-Ramirez failed to establish past harm rising to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (discrimination and harassment did not rise to the level of persecution); *see also He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (defining economic persecution as "substantial economic deprivation that interferes with the applicant's livelihood" and concluding that petitioner failed to establish economic persecution). Substantial evidence also supports the agency's determination that Ramirez-Ramirez did not establish that it is more likely than not he will be persecuted in Mexico. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). We reject as unsupported by the record Ramirez-Ramirez's contention that the agency applied an incorrect legal standard to his claim. Thus, Ramirez-Ramirez's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**