**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIPING PU, | No. 16-73592 |
| Petitioner, | Agency No. A075-692-900 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Liping Pu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

U.S.C. § 1252. We review for substantial evidence the agency's factual findings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Pu failed to establish she suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution); *see also He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (petitioner failed to show "substantial economic disadvantage that interferes with the applicant's livelihood" (internal quotation marks and citation omitted)). Substantial evidence also supports the agency's determination that Pu did not establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Pu's asylum claim fails.

In this case, because Pu failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Pu failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's February 22, 2017 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**