**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YE LIU,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　Respondent. | No. 20-71124<br><br>Agency No. A205-334-495<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021**
San Francisco, California

Before:  NGUYEN and COLLINS, Circuit Judges, and BURGESS,*** District Judge.

Ye Liu, a native and citizen of China, petitions for review of an order of the

Board of Immigration Appeals ("BIA") dismissing his appeal of the denial of his

claims for asylum, withholding of removal, and relief under the Convention

Against Torture.  We review the agency's legal conclusions de novo and its factual

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Timothy M. Burgess, Chief United States District Judge for the District of Alaska, sitting by designation.

findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, and we deny the petition.

1. The agency provided "specific and cogent reasons in support of [its] adverse credibility determination," *Shrestha v. Holder,* 590 F.3d 1034, 1043 (9th Cir. 2010) (citations and internal quotation marks omitted), and those reasons are supported by substantial evidence in the record. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004) ("Adverse credibility determinations are reviewed under the same substantial evidence standard as findings of fact.").

In particular, the agency noted that Liu's testimony about the impact of his alleged beating by Chinese authorities, and the treatment he received as a result, was internally inconsistent and contrary to the hospital record that he submitted. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (inconsistencies may support an adverse credibility finding). Liu testified at the December 27, 2017 hearing that he had not experienced any nausea or vomiting as a result of the police beating, but the hospital record submitted by Liu listed "mild nausea, vomiting" as a symptom. When asked to explain the discrepancy at a subsequent March 29, 2018 hearing, Liu at first stated that his prior denial of nausea and vomiting was due to his understanding that the question "referred to the time when [he] was in the interrogation room" where the beating took place. But shortly thereafter Liu

2

testified that he did have nausea and vomiting in the interrogation room, and after that he ultimately stated that the events were too long ago for him to remember these details. The agency also noted that, when asked at the December 27, 2017 hearing to list the medical treatment he received, Liu failed to mention receiving stiches for a cut on his arm, even though he had claimed at an earlier hearing that he had received stitches. When asked to explain that inconsistency, Liu said that he "forgot to include that." The Immigration Judge ("IJ") also noted that, when asked why the hospital record did not mention stitches or an injury to Liu's arm, Liu indicated that the document was wrong in omitting that.

Liu argues that the agency's reliance on these discrepancies is unwarranted, because in his view they cannot reasonably be considered to be an attempt to enhance his claim of persecution. But this court "has never articulated a *per se* rule that whenever inconsistencies technically weaken an asylum claim they can never serve as the basis of an adverse credibility finding." *Kaur v. Gonzales*, 418 F.3d 1061, 1065 (9th Cir. 2005). These inconsistencies related to the harms Liu suffered in the key incident of alleged persecution he experienced in China, and the agency could properly consider them in assessing Liu's credibility. *See Shrestha*, 590 F.3d at 1046–47. Liu argues that the agency should have viewed these discrepancies as merely reflecting innocent failure to mention additional details, but in view of the thoroughness of the questioning at the hearings, which called for

3

details, the agency was not required to draw that inference here.

The agency also properly relied on the IJ's observations of Liu's demeanor during his testimony. The IJ specifically noted that, during some of the very questioning in which Liu's responses involved inconsistencies, Liu appeared uncomfortable, took long pauses, and "nervously shifted in his seat." Indeed, the Department of Homeland Security's counsel contemporaneously noted, on the record, several of Liu's long pauses. The IJ's observations concerning Liu's demeanor are entitled to a "healthy measure of deference," because "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha*, 590 F.3d at 1041.

Taken together, these reasons provide substantial evidence to support the agency's adverse credibility determination. Although Liu presents alternative explanations to support his view that the agency should have found him credible, the agency was not compelled to accept them. 8 U.S.C. § 1252(b)(4)(B); *accord Tawadrus*, 364 F.3d at 1102.

2. Substantial evidence also supports the agency's determination that Liu's documentary evidence was insufficient, in the absence of credible testimony from Liu, to support his claims for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). The gravamen of Liu's persecution claim is that he was beaten for his resistance to China's population control program, *cf.* 8 U.S.C. § 1101(a)(42), and

4

the only documents that relate to that alleged beating of Liu are his medical record and an affidavit from his ex-wife.[1] The latter contains no details about the police beating and references only apparent injuries to Liu's face. The medical record, as noted, conflicted with Liu's testimony in several respects, and while it did refer to an "altercation," it provided no information about the nature of that altercation. Although the agency could have chosen to weigh this evidence differently, we cannot say that these documents compelled the conclusion that Liu's claimed persecution had been established. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

The petition for review is **DENIED**.

---

[1] Liu's brief before the BIA also noted that an additional component of his claimed persecution is that he was required to pay a substantial fine. However, that brief did not distinctly contend that, standing alone, the imposition of the fine amounted to persecution, *cf. Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014), and the BIA therefore did not address any such contention. Liu likewise did not distinctly present any such issue in his brief in this court, and no such issue is properly before us. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).