**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHENGZHI LIU,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　Respondent. | No.　15-72261<br><br>Agency No. A088-127-129<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2022[**]
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Chengzhi Liu, a native and citizen of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' (BIA's) order

dismissing his appeal of an Immigration Judge's (IJ's) order denying his

applications for asylum, withholding of removal, and relief under the Convention

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. We consider only Liu's claim for asylum premised upon his alleged persecution under China's coercive population control policy. In his briefing before both us and the BIA, Liu failed to challenge the IJ's denial of his claims for withholding of removal and relief under CAT as well as the IJ's adverse credibility determination concerning his alleged participation in a protest against his employer. Liu has thus failed to exhaust and therefore waived these claims. 8 U.S.C. § 1252(d)(1); *see also Jie Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

2. Substantial evidence supports the BIA's conclusion that Liu failed to demonstrate past persecution due to resistance against China's coercive population control policy. Although Liu provided evidence that his wife endured a forced abortion and sterilization procedure, asylum applicants cannot depend on "the sole fact of their spouse's persecution automatically to qualify for political asylum under the [asylum] statute's coercive population control resistance provisions." *Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1093 (9th Cir. 2010) (cleaned up). Liu failed to provide evidence of resistance to China's coercive population control policy in addition to his spouse's forced abortion and sterilization. Liu testified that he confronted his wife's work unit director about the forced abortion. But

2

once the work unit director informed Liu that either he or his wife needed to be sterilized, Liu did not resist. He simply opted out of sterilization, returned home, and then remained in China for 16 more years without further protest or injury. At most, Liu's behavior amounts to "grudging compliance," which does not constitute the "overt and persistent defiance required for a showing of other resistance." *Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (cleaned up).

3.      Substantial evidence also supports the BIA's finding that Liu "has not demonstrated that he . . . has a well-found[ed] fear of sterilization or other persecutory harm on account of his resistance to the family planning policy upon his return to China." Although Liu likely demonstrated a subjective fear of future persecution by testifying that he feared for his safety because his wife's work unit director threatened him with sterilization, he falls short of demonstrating an objectively reasonable possibility of persecution upon return to China. *See* 8 C.F.R. § 1208.13(b)(2)(i). As the BIA noted, there is no evidence that the Chinese government has targeted Liu in any way due to its coercive population control policy since 1991. Nor has Liu's wife or son been targeted on this basis, even though they have remained in China to this day. In his briefing, Liu argues that the Chinese government "could change their mind at any moment and sterilize [him] as a lesson to future violators" of the coercive population control policy, but he offers no evidence that this is reasonably possible. Therefore, "[t]hough changes

3

of government are always possible in any country, on the record before us, this possibility is too speculative to be credited as a basis for fear of future persecution." *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

**PETITION DENIED.**