NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAIPING FU,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5469

Agency No.
A206-664-502

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2025[**]
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Petitioner Taiping Fu, citizen of China, conceded removability and applied

for asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT"). Fu petitions for review of a decision by the Board of Immigration

Appeals ("BIA") affirming an immigration judge's ("IJ") order denying all relief.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252. Where the BIA conducts a de novo review of an IJ's decision, our analysis is "limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted by the BIA." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation modified). We deny the petition.

1.      We review adverse credibility findings for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). In a statement supporting his asylum application, Fu wrote that he and his then-wife "were hiding everywhere" in the leadup to the birth of their second child in August 2004. During testimony, when the IJ asked him who he was living with in 2004 and where, he responded "[w]ith my ex-wife, with my father, and my daughter" at their home. He reaffirmed that he lived nowhere else that year, not even temporarily. When the IJ confronted him with his prior written statement, he changed his story, explaining that his wife hid at a relative's house until his son was born while he lived at home. Further, Fu testified as to a number of encounters with family planning officials who forced his wives to submit to recurring pregnancy checks, which he omitted from his prior written statement. Such inconsistencies and omissions amount to substantial evidence in support of the agency's partial adverse credibility finding. *See Shrestha*, 590 F.3d at 1043–44, 1043 n.4 ("inconsistencies . . . may undermine credibility."); *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014) (omissions may undermine

credibility).

2.    Persecution[1] is "the infliction of suffering or harm upon those who differ (in race, religion[,] or political opinion) in a way regarded as offensive." *Fon v. Garland*, 34 F.4th 810, 813 (9th Cir. 2022) (quoting *Korablina v. I.N.S.*, 158 F.3d 1038, 1043 (9th Cir. 1998)).  While forced abortions and sterilization constitute persecution, *see Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir. 2003), the spouses of those forced to undergo such treatment may demonstrate persecution only upon a further showing that they resisted the population control policy, *see Jiang v. Holder*, 611 F.3d 1086, 1093–95, 1097 (9th Cir. 2010).  Neither Fu nor his ex-wives were forced to undergo sterilization or abortion, in light of Fu's paying the state-imposed fine.  Paying such a fine amounts to "grudging compliance" with the policy rather than "resistance."  *He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (citation modified).  Fu did not offer evidence that the fine amounted to a "substantial economic disadvantage" interfering with his livelihood.  *Id.* (quoting *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004)).  The further conduct and threats by state officials did not amount to "infliction of suffering or harm" sufficient to establish persecution.  *Kaur v. Wilkinson*, 986 F.3d 1216, 1222 (9th Cir. 2021)

---

[1] Because we conclude the petition should be denied under either a de novo or substantial evidence standard of review, we need not address which standard applies to the BIA's determination that the harm Fu suffered did not amount to past persecution.  *See, e.g.*, *Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024).

("Persecution is an extreme concept[.]" (citation omitted)).

3. Beyond past persecution, asylum may be granted upon the showing that the applicant's "fear of persecution [is] both subjectively genuine and objectively reasonable." *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004). Substantial evidence supports the BIA's determination that Fu did not demonstrate that his fear of persecution upon returning to China is objectively reasonable because its factual basis was "too speculative." *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). For the same reason, he did not meet his burden for eligibility for withholding of removal. *See Singh v. Garland*, 97 F.4th 597, 609 (9th Cir. 2024) ("The clear probability standard for withholding of removal is more stringent than the well-founded fear standard for asylum[.]").

4. A petitioner is "deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). Fu's brief before the BIA did not genuinely challenge the IJ's denial of CAT relief; therefore he did not exhaust the claim and it is not properly before us. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues. The motion to stay removal (Dkt. 2) is otherwise **DENIED**.